| Attorney or Party Name. Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| BRUCE MENKE #116014<br>Law Office of BRUCE MENKE<br>5000 E. SPRING ST #405<br><br>LONG BEACH CA 90815<br>(562) 496-4300          (562) 496-4500<br><br>☐ Individual appearing without counsel<br>x Attorney for:   MOVANT | FILED<br>OCT - 5 2005<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:   LENA MARSHALL | CHAPTER: 13<br>CASE NO.: LA05-30610 BB |
|---|---|
| Debtor(s). | DATE:  10/18/05<br>TIME:  10:30 AM<br>CTRM:  1475<br>FLOOR: 14TH |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: JOSEPH KONOWIECKI                         )
### (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) ("Responding Party"), Debtor's(s') attorney, and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

    NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:**   X   **255 East Temple Street, Los Angeles**        ☐ 411 West Fourth Street, Santa Ana
    ☐ **21041 Burbank Boulevard, Woodland Hills**        ☐ 1415 State Street, Santa Barbara
    ☐ **3420 Twelfth Street, Riverside**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

    b. X This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

    X at the hearing       ☐ at least ____ court days before the hearing.

    (1) X A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

    (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 10/3/05

Law Office of BRUCE MENKE
_____
*Print Law Firm Name (if applicable)*

BRUCE MENKE
_____
*Print Name of Individual Movant or Attorney for Movant*

_____
*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

**F 4001-1M.UD**
350UD

Motion for Relief from Stay (Unlawful Detainer) - *Page 2 of* ____   F 4001-1M.UD

| In re<br>LENA MARSHALL | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 13<br>CASE NO.: LA05-30610 BB |
|---|---|---|

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (Unlawful Detainer)
### (MOVANT: JOSEPH KONOWIECKI )

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):
   Street Address: 1122 STANLEY AVE #6
   Apartment/Suite No.:
   City, State, Zip Code: LONG BEACH CA 90804

   **The Property is:**   X   **Residential**      **Nonresidential**

2. **Case History:**
   a.   X   A voluntary ___ An involuntary   petition under Chapter   ___ 7   ___ 11   ___ 12   X   13
         was filed on *(specify date):* 9/8/05
   b.   ___ An Order of Conversion to Chapter   ___ 7   ___ 11   ___ 12   ___ 13
         was entered on *(specify date):*
   c.   ___ Plan was confirmed on *(specify date):*
   d.   ___ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
   a.   X   Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:
       (1)   ___ An unlawful detainer judgment in favor of Movant was entered prepetition.
       (2)   X   An unlawful detainer proceeding was commenced prepetition.
       (3)   ___ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.
       (4)   ___ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.
       (5)   ___ The lease or other right of occupancy expired by its terms prepetition.
       (6)   ___ The lease has been rejected or deemed rejected by operation of law.
       (7)   X   Lease payments have not been made since the filing of the petition.

   b.   X   Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

   c.   X   The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
       (1)   X   Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
       (2)   ___ Other bankruptcy cases have been filed asserting an interest in the same property.
       (3)   ___ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                                                                                F 4001-1M.UD

Motion for Relief from Stay (Unlawful Detainer) - *Page 3 of* ___    **F 4001-1M.UD**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| LENA MARSHALL | | CASE NO.: LA05-30610 BB |
| | Debtor(s). | |

4. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

   X   Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

   ☐   Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

4. Additional provisions requested:

   a. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

   c.   X   That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   d. That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   e. For other relief requested, see attached continuation page.

Dated: 10/3/05

Respectfully submitted,

JOSEPH KONOWIECKI
*Movant Name*
Law Office of BRUCE MENKE
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name: BRUCE MENKE
*Typed Name of Individual Movant or Attorney for Movant*
JOSEPH KONOWIECKI

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                                                              **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of* ____  **F 4001-1M.UD**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| LENA MARSHALL | | CASE NO.: LA05-30610 BB |
| | Debtor(s). | |

## UNLAWFUL DETAINER DECLARATION
### (MOVANT: JOSEPH KONOWIECKI )

I, BRUCE MENKE _____, declare as follows:
   *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

   ☐ I am the Movant and owner of the Property.
   ☐ I manage the Property as the authorized agent for the Movant.
   ☐ I am employed by Movant as *(state title and capacity)*:
   X  Other *(specify)*: I AM THE ATTORNEY FOR MOVANT, JOSEPH KONOWIECKI

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the Property that is the subject of this Motion is:
   *Street Address*:  1122 STANLEY AVE #6
   *Apartment/Suite No.*:
   *City, State, Zip Code*:  LONG BEACH CA 90804

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit ____ . A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit ____ .

5. The Property is:   X  residential property   ☐ nonresidential property

   a. Debtor(s) occupies the Property
      X  on a month-to-month tenancy              ☐ pursuant to a lease that is in default
      ☐ after a foreclosure sale on: _____    ☐ other *(specify)*:

   b. X  Debtor(s) has/have failed to pay the monthly rent of $ 775 _____ since the following date *(specify date)*: 7/1/05

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                           **F 4001-1M.UD**

| Motion for Relief from Stay (Unlawful Detainer) - Page 5 of ____ | F 4001-1M.UD |
|---|---|
| In re<br>LENA MARSHALL<br><br>                        (SHORT TITLE)<br><br>                                       Debtor(s). | CHAPTER: 13<br>CASE NO.: LA05-30610 BB |

    c.    In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following *(See attached continuation page for itemization)*:

        (1)    Common area maintenance charges

        (2)    Property taxes

        (3)    For additional obligations, see attached continuation page.

6.    Debtor's(s') bankruptcy petition in this case was filed on *(specify date)*: 9/8/05

7.    Procedural status *(indicate all that apply, and provide dates for completed steps)*:

    a.    X    Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date)*: 7/11/05
            A true and correct copy of which is attached hereto as Exhibit 1_____

    b.    X    Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

        (1)    X    Movant filed a Complaint for Unlawful Detainer against the Debtor(s), a true and correct copy of which is attached as Exhibit 2___, on *(specify date)*: 7/19/05

        (2)    Trial was held on *(specify date)*:

        (3)    An Unlawful Detainer Judgment against the Debtor(s), a true and correct copy of which is attached as Exhibit ____, was entered on the Complaint for Unlawful Detainer on *(specify date)*:

        (4)    A Writ of Possession for the Property, a true and correct copy of which is attached as Exhibit ____, was issued by the state court on *(specify date)*:

    c.    The lease was rejected on _____ *(date)*:

        (1)    by operation of law.

        (2)    by Order of the Court.

    d.    X    The regular lease payments have not been made since the filing of the petition.

8.    X    Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9.    X    The Property is not necessary to an effective reorganization because *(specify)*:

    a.    X    The Property is residential and is not producing income for the Debtor(s).

    b.    The Property is commercial, but no reorganization is reasonably in prospect.

    c.    Other *(specify)*:

10.    X    The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

    a.    X    Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

    b.    Other bankruptcy cases have been filed asserting an interest in the same property.

    c.    The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

    d.    Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                F 4001-1M.UD

Motion for Relief from Stay (Unlawful Detainer) - *Page 6 of* ____    F 4001-1M.UD

| In re<br>LENA MARSHALL | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 13<br>CASE NO.: LA05-30610 BB |
|---|---|---|

11. Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

   a. Case Name:
      Case Number:           Chapter:
      Date Filed:            Date Dismissed:

      Relief from stay re this Property       was       was not    granted.

   b. Case Name:
      Case Number:           Chapter:
      Date Filed:            Date Dismissed:

      Relief from stay re this Property       was       was not    granted.

   c. See attached continuation page for more information about other cases.

12. Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

   a. These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

   c. For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** 10/3_____, 2005 , at LONG BEACH_____ *(city, state).*

BRUCE MENKE_____
*Print Declarant's Name*                              *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                  F 4001-1M.UD

1 | Bruce Menke #116014
Law Office of Bruce Menke
2 | 5000 E. Spring St #405
Long Beach CA 90815
3 | (562) 496-4300

4

5 | Attorney for Movant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re: Lena Marshall<br>Debtor | ) ) ) | BK # LA05-30610 BB<br>Chapter 13 |
|---|---|---|
| Joseph Konowiecki<br>Movant<br>v.<br>Lena Marshall<br>Respondent | ) ) ) ) ) ) ) | Proof of Service of<br>Notice of Motion and Motion<br><br>Date: 10/18/05<br>Time: 10:00 am<br>Ctrm: 1475<br>Floor: 14th |

1. I, Richard Tavares, hereby declare that I am over the age of 18 and not a party to this action. My business address is 235 E. Broadway #211, Long Beach CA 90802, (562) 997-9690. I am a registered California process server, registration #5260, Los Angeles County.

2. TELEPHONIC NOTICE: (i) On Monday, 10/3/05, at 1:00 pm., I attempted to give telephonic notice to the debtor, Lena Marshall, as follows: I looked on her bankruptcy petition for her telephone number, and discovered that the debtor put the word "none" in place of a telephone number. I looked at the Prejudgement Claim and Answer filed in the UD case, and the debtor also put the word "none" in place of a telephone number. I looked in the Long Beach Phone Directory for a Lena Marshall, or a L. Marshall, and there wasn't any. I don't believe any further investigation is warranted. Under the circumstances, telephonic notice must be waived.

3. PERSONAL SERVICE OF NOTICE: (i) On Monday, 10/3/05, at 3:30 p.m., I personally served Lena Marshall at 1122 Stanley Ave #6, Long Beach CA 90804 with a true and correct copy of the Notice of Motion and Motion for Relief from the Automatic Stay.

Declared under penalty of perjury under the laws of the United States of America on 10/3/05 at Long Beach CA.

_____
Richard Tavares

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MENKE LAW FIRM, APC<br>BRUCE R. MENKE<br>5000 E. SPRING STREET, SUITE 405<br>LONG BEACH, CA 90815      BAR NO. 116014<br>TELEPHONE NO.: (562) 496-4300   FAX NO. (Optional): (562) 496-45__<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br>JUL 19 2005<br>John A. Clarke, Clerk<br>By_____, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 415 W. OCEAN BLVD
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LONG BEACH, CA 90802
BRANCH NAME: LONG BEACH JUDICIAL DISTRICT

PLAINTIFF: JOSEPH KONOWIECKI

DEFENDANT: KIMBERLY HOLLAND, MIRACLE HOLLAND

[X] DOES 1 TO 10, INCLUSIVE

**COMPLAINT — UNLAWFUL DETAINER***
[X] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 05U02000

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [X] does not exceed $10,000
  [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
  [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF (name each): JOSEPH KONOWIECKI

   alleges causes of action against DEFENDANT (name each): KIMBERLY HOLLAND, MIRACLE HOLLAND

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                    (2) [ ] a public agency.                          (5) [ ] a corporation.
                    (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   1122 STANLEY AVENUE, #6, LONG BEACH, CA 90804

4. Plaintiff's interest in the premises is  [X] as owner  [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 7/29/04   defendant (name each): KIMBERLY HOLLAND, MIRACLE HOLLAND

   (1) agreed to rent the premises as a  [X] month-to-month tenancy  [ ] other tenancy (specify):
   (2) agreed to pay rent of $ 775.00   payable  [X] monthly  [ ] other (specify frequency):
   (3) agreed to pay rent on the  [X] first of the month  [ ] other day (specify):
   b. This [X] written  [ ] oral  agreement was made with
   (1) [ ] plaintiff.                               (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent.                       (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. January 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.<br>Code of Civil Procedure, §§ 425.12, 1166<br>Page 1 of 3 |

Legal Solutions Plus

PLAINTIFF (Name): JOSEPH KC WIECKI

DEFENDANT (Name): KIMBERLY HOLLAND, MIRACLE HOLLAND DOES 1 TO 10, INCLUSIVE

CASE NUMBER:

6. c. ☐ The defendants not named in item 6a are
  (1) ☐ subtenants.
  (2) ☐ assignees.
  (3) ☐ other (specify):

  d. ☐ The agreement was later changed as follows (specify):

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
  f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): KIMBERLY HOLLAND, MIRACLE HOLLAND

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit     (4) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                (6) ☐ Other (specify):
  b. (1) On (date): 7/15/05     the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on (date):
   (2) ☐ by leaving a copy with (name or description):                                    , a person of suitable age and discretion, on (date):       at defendant's ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on (date):
       because defendant cannot be found at defendant's residence or usual place of business.
   (3) ☒ by posting a copy on the premises on (date): 7/12/05  ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date): 7/12/05
       (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
       (b) ☒ because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
  b. ☐ (Name):                              was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants named in item 7f is stated in Attachment 8c.
  d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 775.00
11. ☒ The fair rental value of the premises is $ 25.83      per day.

| PLAINTIFF (Name): JOSEPH KONG | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): KIMBERLY HOLLAND, MIRACLE HOLLAND DOES 1 TO 10, INCLUSIVE | |

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding;
    c. ☒ past-due rent of $ 775.00
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 8/1/05 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☒ other *(specify):* FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER

18. ☒ Number of pages attached *(specify):* 3

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 7/19/05

BRUCE R. MENKE
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/19/05

SEE ATTACHED VERIFICATION
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

# 3 DAY NOTICE TO PAY RENT OR QUIT
[California Code of Civil Procedure Section 1161(2)]

July 11, 2005

Kimberly Holland
1122 Stanley Ave. #6
Long Beach, Ca 90804

Property Code: 1122
Unit Code: 1122 Stanley Ave. #6
Tenant Code: HOLLANDK

Kimberly Holland

TO all Tenants and all others in possession, PLEASE TAKE NOTE that, WITHIN THREE (3) DAYS after the service on you of this notice, you are hereby required to PAY to Belmont Brokerage and Management, Inc., agent for the owner of the premises hereinafter described, of which you now hold possession, amounting to the sum of the rent on the premises, hereinafter described, of which you now hold possession, amounting to the sum of:

$ 775.00

SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND 00 CENTS

enumerated as follows:

| 775.00 | due from | July    | 1  | 2005 | to | July | 31 | 2005 |
| 0.00   | due from | June    |    | 2005 | to | June | 30 | 2005 |

Or quit and deliver up possession of the premises

The premises herein referred to is situated in the City of Long Beach, Ca 90804, County of Los Angeles, designated as 1122 Stanley Ave. #6, Long Beach, Ca 90804 _____, Apartment 6.

You are further notified that if you do not comply with either of the above, the undersigned does hereby elect to declare the forfeiture of your lease or rental agreement under which you hold possession of said premises which could and Lessor will institute legal proceeding to recover rent and possession of the above described premises and Lessor will institute legal proceeding to recover Rent, Hold-over Rent Damages, Costs and Attorney Fees together with Treble Damages as allowed by Law.

July 11, 2005

Joseph Kosowiecki
(Owner)

Office open for payment 9:00 AM to 5:30 PM,
Monday through Friday only.
Rent Payable to: Belmont Brokerage
& Management, Inc., 147 E. 4th St.,
Long Beach, Ca 90802 (562) 437-3861

NOTE: personal checks will not be accepted as payment if any monies demanded by this notice. Payment must be made by Money Order or Cashier's Check. Please disregard this notice if payment has already been made.

AS REQUIRED BY LAW, YOU ARE HEREBY WARNED THAT A NEGATIVE CREDIT REPORT MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATION

EXHIBIT " 2 "